IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| VANITY SHOP OF GRAND FORKS, INC., a North Dakota corporation, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| LEVI STRAUSS & CO., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Vanity Shop of Grand Forks, Inc. ("Vanity" or "Plaintiff"), for its Complaint, alleges as follows:

## I. PARTIES

1. Plaintiff is a North Dakota corporation with its principal place of business at 1001 N. 25th Street, Fargo, North Dakota 58102. Plaintiff has retail outlets throughout North Dakota, including in Bismarck.

2. Upon information and belief, Defendant Levi Strauss & Co. ("Levi Strauss" or "Defendant") is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Levi Strauss has been registered to do business in North Dakota as a foreign corporation and is doing business in this state and generally throughout the United States by the sale and distribution of its products. Levi Strauss' presence in North Dakota has been continuous and systematic, and it has otherwise had sufficient contacts with North

1

Dakota, such that it has purposefully availed itself of the privilege of conducting activities within the state, thus invoking the benefits and protections of its laws.

## II. JURISDICTION AND VENUE

3. This action is brought under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and 28 U.S.C. §§ 2201(a) and 2202. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Venue is conferred by 28 U.S.C. § 1391(b).

## III. GENERAL ALLEGATIONS

4. Vanity is in the business of retail and online retail store services featuring clothing and other goods.

5. On or about January 31, 2012, Vanity received a cease and desist letter from Levi Strauss dated January 30, 2012, alleging that Vanity's pocket designs infringe U.S. Trademark Registration Nos. 404,248; 1,139,254; and 2,794,649 "among others." Levi Strauss referred to these marks collectively as the "Arcuate Trademark." In the letter, Levi Strauss claimed that Vanity's pocket designs are "confusingly similar" to the Arcuate Trademark and that they "may give rise to claims for trademark infringement and dilution that would entitle [Levi Strauss] to injunctive relief and monetary damages against Vanity." A copy of the January 30, 2012, cease and desist letter from Levi Strauss to Vanity is attached hereto as <u>Exhibit A</u>.

6. Because of the January 30, 2012, cease and desist letter, and also because of Levi Strauss' litigation history, Vanity has a reasonable apprehension of being sued by Levi Strauss for trademark infringement and/or dilution. As such, there is an actual controversy regarding whether Vanity's pocket designs infringe or dilute the

2

Arcuate Trademark.

7.  Levi Strauss has sued approximately thirty (30) parties in the past five (5) years alone for alleged infringement and/or dilution of the Arcuate Trademark. In the last case tried to a jury involving such claims, the jury held that there was no infringement. The defendant in this case was Abercrombie & Fitch Trading Co.

8.  In addition to the federal trademark registrations listed in the January 30, 2012, cease and desist letter from Levi Strauss, Levi Strauss owns the following federal trademark registrations for an arcuate-type pocket design: U.S. Trademark Registration Nos. 1,135,196; 2,791,156; and 3,997,020.

## IV. CLAIMS

### COUNT ONE--DECLARATORY JUDGMENT OF NO INFRINGEMENT OR DILUTION
### 15 U.S.C. § 1051 *ET SEQ.*

9.  Plaintiff incorporates the allegations set forth in all previous paragraphs set forth above, as if fully set forth herein.

10.  Levi Strauss claims that Vanity's pocket designs infringe and dilute its registered trademarks and has threatened to bring a lawsuit against Vanity on this basis.

11.  An actual, present and justiciable controversy has arisen between Vanity and Levi Strauss concerning Vanity's right to sell apparel with the pocket designs at issue. Levi Strauss' allegations have the potential to disrupt Vanity's business, and as such, Vanity seeks judicial resolution of this issue.

12. The Vanity pocket designs that have been identified by Levi Strauss as allegedly infringing (the "Vanity Pocket Designs") are visually distinctive from the Arcuate Trademark and are not likely to cause confusion among consumers of the relevant products.

13. The Vanity Pocket Designs actually resemble the letter "V" for "Vanity." Vanity has been using the VANITY trademark in interstate commerce since at least as early as 1957. Levi Strauss does not have the right to prevent Vanity from using a stylized version of the letter "V" in connection with its pocket designs.

14. Vanity is not aware of any instances of actual confusion between the Vanity Pocket Designs and the Arcuate Trademark.

15. Vanity is entitled to a Declaration and Judgment that its pocket designs do not infringe or dilute Levi Strauss' registered trademarks.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. An order be entered declaring that Vanity's pocket designs identified in the enclosure to the January 30, 2012, cease and desist letter from Levi Strauss are not confusingly similar to nor do they dilute any of Levi Strauss' registered marks listed in paragraphs 5 and 8 above, as well as any other registrations Levi Strauss owns for the Arcuate Trademark.

2. An order be entered precluding Levi Strauss from alleging that any of Vanity's other pocket designs are confusingly similar to or dilute any of Levi Strauss' registered marks listed in paragraphs 5 and 8 above, as well as any other registrations Levi Strauss owns for the Arcuate Trademark.

3.      Plaintiff be awarded its costs in connection with this action.

4.      Plaintiff be awarded such further relief as this Court may deem appropriate, just, lawful and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the maximum number of jurors allowed by law, and objects to the return of a less than unanimous verdict.

Dated this 2nd day of May, 2012.

ANDERSON BOTTRELL SANDEN & THOMPSON

/s/ Michael T. Andrews
Michael T. Andrews (ND ID 05504)
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue South, Suite 100
PO Box 10247
Fargo, ND   58106-0247
(701) 235-3300
mandrews@andersonbottrell.com
Attorneys for Plaintiff
Vanity Shop of Grand Forks, Inc.